UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE M. JACKSON, | ) |
| Plaintiff, | ) |
| V. | ) Civil Action No. 13-0016-KD-N |
| CITIMORTGAGE, INC., | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the joint stipulation to remand wherein Defendant CitiMortgage, Inc., withdraws its notice of removal and the parties jointly stipulate to remand of this action (doc. 7). Upon consideration, and for the reasons set forth herein, this action is REMANDED to the Circuit Court of Mobile County, Alabama.

Joyce M. Jackson filed suit against defendant CitiMortgage, Inc., on December 7, 2012. Jackson alleged that CitiMortgage had misallocated her payments, improperly determined that her three loans were in default, and wrongfully initiated foreclosure proceedings (doc. 1). Jackson brought claims for breach of mortgage agreement, negligence, wantonness, wrongful foreclosure, slander/defamation, for declaratory and injunctive relief.[1] (Id.) In the complaint, Jackson alleged that she was a resident of Mobile County, Alabama and that CitiMortgage was a Delaware corporation with its "principal place of business in the State of Alabama" (doc. 1-1, p. 9). She did not specify the monetary amount of damages sought in the complaint (doc. 1-1).

CitiMortgage was served on December 17, 2012 and timely removed the action on

---

[1] Among others, Jackson requested that the state court enjoin the foreclosure. After removal, Jackson filed an amended complaint alleging that the foreclosure set for December 18, 2012 had been cancelled. (Doc. 3)

January 16, 2013 (doc. 1).  In the notice of removal, CitiMortgage alleges that this Court has diversity jurisdiction.  CitiMortgage asserts that it is not an Alabama citizen but instead is a New York corporation with its principal place of business in Missouri and that the amount in controversy exceeds $75,000 (doc. 1, p. 3-10).

The parties have now filed a joint stipulation wherein they stipulate to the remand of this action and CitiMortgage withdraws its notice of removal (doc. 7).  However, "subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties." *Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir.1983); *Ashcroft v. Iqbal*, 556 U.S. 662, 671 129 S.Ct. 1937, 1945 (2009) ("[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").  Thus, the parties may not stipulate to a remand because that would be the same as a waiver of this Court's diversity jurisdiction. *West Peninsular Title Co. v. Palm Beach County.,* 41 F.3d 1490, 1492 n. 4 (11th Cir.1995) ("Parties may not stipulate jurisdiction.") (citation omitted); *Chouinard v. Aaron's, Inc*., 2012 WL 3732867 (N.D. Ohio Aug. 28, 2012) (citation omitted) ("Parties cannot simply stipulate to remand. Rather, the Court must examine the pleadings to determine whether remand is proper."); *Henry v. Nationwide Ins. Co*. 2007 WL 2409817, 2 (S.D.Ala., Aug. 22, 2007) ("[A]s long as subject matter jurisdiction attached at the time of the removal, the plaintiff cannot later absolve that jurisdiction by waiver."); *Millhouse v. Brannen*, 2011 WL 672337, *1 (M.D. Ga. 2011) ("A post-removal stipulation does not normally divest a federal court of jurisdiction.") (citing *Boyd v. Shelton*, 2010 WL 1817759, *2 (N.D. Ga. May 6, 2010) (addressing defendant's consent to a motion to remand where the amount in controversy was stipulated as less than $75,000)).

Instead, the Court remains obligated to consider whether it has diversity jurisdiction. *University of South. Ala. v. American Tobacco Co*., 168 F.3d 405, 410 (11th Cir.1999) ("removal

jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction"). Generally, the existence of subject matter jurisdiction is determined by the status of the action at the time of removal and subsequent events do not divest this Court of jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002) ("If jurisdiction was proper at that date [the date of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction.") (bracket text added).  At the time of removal, the Court had before it the complaint, the notice of removal, and copies of the mortgage documents. *DeGeorge v. Geico General Ins. Co.,* 2012 WL 6212916, *1 (M.D. Fla. Defc. 13, 2012) (slip copy) ("The Court may look to the complaint, notice of removal, and any other relevant papers revealing that the amount in controversy is satisfied.") (citing *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 755 (11th Cir.2010) ("The substantive jurisdictional requirements do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.")).  Where the complaint does not allege a specific amount of damages, such as here, CitiMortgage as "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement", *Pretka,* 608 F. 3d at 752 (quoting *Williams v. Best Buy Co., Inc*., 269 F. 3d 1316, 1319 (11th Cir. 2001)), but CitiMortgage is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka,* 608 F.3d at 754.

Review of the notice of removal indicates that CitiMortgage has alleged sufficient facts that would support diversity jurisdiction.  First, CitiMortgage asserts that it is a New York corporation with its principal place of business in Missouri and point out other courts that have recognized its citizenship. (Doc. 1, n. 1)  Second, CitiMortgage argues that although Jackson did not specify an amount of damages in the complaint, the amount in controversy requirement is

met because of the value of the real properties at issue and the fact that Jackson seeks punitive damages.[2] CitiMortgage argues that "[w[hen declaratory and injunctive relief is sought, as here, 'it is well established that that the amount in controversy is measured by the value of the object of the litigation'" and cites this Court's decision in *Berry v. Mortgage Elec. Registration Sys., Inc.*, Civil Action No. 11-0618-KD-C, 2012 WL 1145219, at *4 (S.D. Ala. Mar. 15, 2012) (report and recommendation adopted, Civil Action No. 11-0618-KD-C, 2012 WL 1145212 (S.D. Ala. Apr. 5, 2012) (citations omitted). CitiMortgage alleges that Jackson has put at issue the crediting of payments to all her loans and that the "combined amount loaned to [Jackson] by CitiMortgage in the three loans placed at issue is $647.460.00." CitiMortgage also asserts that Jackson's real property which it sought to foreclose is valued by the Mobile County Revenue Commissioner at $296,400.00 and that Jackson had executed a note in the amount of $224,250.00 against the real property.

Since the notice of removal appears sufficient on its face, by withdrawing its notice of removal and stipulating to remand, CitiMortgage must be conceding that if called upon, it could not meet its burden to prove by a preponderance of the evidence, the factual allegations in its notice. Otherwise, CitiMortgage's withdrawal of the notice of removal and the parties' joint stipulation would be an improper attempt to waive this Court's diversity jurisdiction.

Since removal infringes upon state sovereignty and implicates concepts of federalism, removal statutes are narrowly construed and any question or uncertainty as to jurisdiction on removal should be resolved in favor of remand. *American Tobacco Co.*, 168 F.3d at 411; *Burns v. Windsor Ins., Co.*, 31 F. 3d 1092, 1095 (11th Cir. 1996); *Russell Corp. v. American Home*

---

[2] Punitive damages are considered "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir.1987).

*Assur. Co.*, 264 F. 3d 1040, 1050 (11th Cir. 2001).   Accordingly, the Court finds that CitiMortgage has failed to meet its burden to establish diversity jurisdiction, and remands this action to the Circuit Court of Mobile County, Alabama.

Done and ordered this the 14th day of February, 2013.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE